**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4678**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CEDRIC DWAYNE MORROW,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CR-
03-81-PJM)

Submitted:  April 26, 2006              Decided:  May 8, 2006

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

R. William Hale, Silver Spring, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Barbara S. Skalla, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM

Cedric Dwayne Morrow appeals his conviction for distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (2000).  Finding no error, we affirm.

When Government agents approached Morrow to arrest him, Morrow fled on foot and dropped a loaded firearm.  During his trial, the district court admitted that gun and ammunition into evidence.  Morrow claims that the district court erred by admitting the firearm because it had no relevance to the drug trafficking charges he faced and that its admission prejudiced him by making him appear more dangerous to the jury.  We review a district court's evidentiary rulings for an abuse of discretion.  United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999).

Evidence of gun possession is relevant evidence in a drug conspiracy trial, even if there is no specific evidence linking the weapon to the conspiracy.  Ward, 171 F.3d at 195.  In addition, "guns are tools of the drug trade and are commonly recognized articles of narcotics paraphernalia." Id. (citing United States v. Ricks, 882 F.2d 885 (4th Cir. 1989)).  The district court must "determine on a case by case basis whether the potential relevance of the gun evidence is outweighed by unfair prejudice or is barred by any other rule of evidence."  Ward, 171 F.3d at 195.

While the gun entered into evidence was not part of the drug transaction specified in the indictment, during that

transaction the confidential informant purchased a different handgun from one of Morrow's associates. The evidence that Morrow possessed a handgun at a later date was clearly relevant because it demonstrated his continuing access to weapons, the "tools of the drug trade." Id. The district court did not abuse its discretion in finding that the probative value of the gun outweighed any undue prejudice and admitting this evidence.[*]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Moreover, even if admission of the disputed evidence was erroneous, any resulting error would be harmless in light of the overwhelming evidence against Morrow. Fed. R. Crim. P. 52; United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). The conversation between Morrow and the informant arranging the drug transaction was tape recorded, and the actual transaction was captured on both video and audio tape.